1  RON BENDER (State Bar No. 143364)
   J.P. FRITZ (State Bar No. 245240)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
5  Email: RB@LNBYB.COM; JPF@LNBYB.COM
6
   Proposed Attorneys for Chapter 11 Debtor
7  and Debtor in Possession

8                    UNITED STATES BANKRUPTCY COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                    SAN FERNANDO VALLEY DIVISION

11 In re:                              ) Case No.: 1:15-bk-13090-VK
12                                     )
         SUNQUEST EXECUTIVE AIR        ) Chapter 11 Case
13       CHARTER, LLC,                 )
                                       ) **DEBTOR'S EMERGENCY MOTION
14           Debtor and Debtor in Possession. ) FOR ENTRY OF AN ORDER
                                       ) AUTHORIZING DEBTOR TO
15                                     ) PROVIDE ADEQUATE ASSURANCE
                                       ) OF FUTURE PAYMENT TO UTILITY
16                                     ) COMPANIES PURSUANT TO
                                       ) SECTION 366(c) OF THE
17                                     ) BANKRUPTCY CODE;
                                       ) MEMORANDUM OF POINTS AND
18                                     ) AUTHORITIES; DECLARATION OF
                                       ) RYAN FROST IN SUPPORT
19                                     ) THEREOF**
                                       )
20                                     )
                                       ) Hearing:
21                                     ) Date:  To be set by Court
                                       ) Time:  To be set by Court
22                                     ) Place: Courtroom 301
                                       )        21041 Burbank Blvd.
23                                     )        Woodland Hills, CA 91367
24                                     )
                                       )
25                                     )
                                       )
26                                     )
                                       )
27 _____)
28

                                     1

## TABLE OF CONTENTS

SUMMARY ........................................................................................................................ 2

ADDITIONAL INFORMATION .................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 5

I  STATEMENT OF FACTS ........................................................................................... 5

    A  General Background ............................................................................................ 5

    B  Utilities ................................................................................................................... 6

II. DISCUSSION ................................................................................................................ 6

III. CONCLUSION ............................................................................................................ 9

DECLARATION OF RYAN FROST ............................................................................ 10

**TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

Begley v. Philadelphia Elec. Co. (In re Begley),
    41 B.R. 402 (Bankr.E.D.Pa.1984), aff'd, 760 F.2d 46 (3d Cir.1985) ........................................ 8

Demp v. Philadelphia Elec. Co. (In re Demp),
    22 B.R. 331 (Bankr. E.D. Pa.1982) ............................................................................................ 7

Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.),
    35 B.R. 188 (Bankr. D. Ohio 1983) ........................................................................................... 8

Massachusetts Elec. Co. v. Keydata Corp. (In re Keydata Corp.),
    12 B.R. 156 (1st Cir.B.A.P.1981) .............................................................................................. 7

Virginia Elec. & Power Co. v. Caldor, Inc.,
    117 F.3d 646 (2d Cir.1997) ........................................................................................................ 7

**Federal Statutes**

11 U.S.C.
    § 1107 and 1108 ..................................................................................................................... 2, 5
    § 1109(b) .................................................................................................................................... 7

**SUMMARY**

Pursuant to sections 105 and 366 of title 11 of the United States Code, sections 101 *et seq.* (the "Bankruptcy Code") and Rule 2081-1(b)(2)(C) of the *Local Bankruptcy Rules for the Bankruptcy Court of the Central District of California* (the "Local Rules") SunQuest Executive Air Charter, LLC (the "Debtor"), the debtor and debtor in possession in the above-referenced chapter 11 case, hereby moves, on an emergency basis (the "Motion") for the entry of an order authorizing the Debtor to provide adequate assurance of future payment to certain utility companies pursuant to Section 366(c) of the Bankruptcy Code.

The Debtor filed its voluntary chapter 11 bankruptcy petition on September 16, 2015 (the "Petition Date"). The debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. § 1107 and 1108.

The Debtor is a private jet charter flight company founded in 2011 and operating in Van Nuys, California. The Debtor's clients include, but are not limited to, wealthy private business persons, entertainers, actors, and musicians. The Los Angeles area has a high demand for private travel from individuals who desire private air transportation without the extra burden of owning and maintaining their own jets. The Debtor does not own any aircraft, but, rather, leases four (4) private charter jets from different third parties pursuant to lease agreements and operates domestic and international flights for high-wealth individuals desiring private flight transportation. Each lease is essentially month-to-month, except for one lease, which is for a six-month term.

As a necessity of operating its business, the Debtor receives telephone and internet services from AT&T (the "Utility Company").[1] Given the importance of the services provided by the Utility Company to the Debtor's business, it is crucial that the means of providing adequate assurance be determined immediately so that there is no interruption in the services provided.

The Debtor intends to provide adequate "assurance of payment" by providing the Utility Company with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code,

---

[1] Water, gas, electricity, and waste disposal services are included in the Debtor's rent, and the Debtor does not have accounts with such utility providers.

2

in the amount of $756.97, which is the amount of the most recent bill, a true and correct copy of which is attached as Exhibit "1" to the annexed declaration of Ryan Frost.[2] The source of funds to be used to pay the cash deposit to the Utility Company will be the Debtor's post-petition revenue and cash on hand, which may be the cash collateral of Baltimore Clipper, Inc., which has consented to the use of its cash collateral.

## ADDITIONAL INFORMATION

The Motion is based on this Motion, the attached Memorandum of Points and Authorities and declaration of Ryan Frost, the statements, arguments and representations of counsel to be made at the hearing on the Motion, and any other admissible evidence properly presented to the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtor served by overnight mail a copy of this Motion and all supportive papers (including notice of the hearing) upon the Office of the United States Trustee, the Debtor's secured creditors, the 20 largest unsecured creditors, and all of those parties requesting special notice.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order:

(a)    Affirming the adequacy of the notice given;

(b)    Authorizing the Debtor to provide adequate "assurance of payment" to the Utility Company via a cash deposit of $756.97;

(c)    Deeming the cash deposit paid by the Debtor to the Utility Company as constituting adequate "assurance of payment" pursuant to section 366(c) of the Bankruptcy Code;

(d)    Ordering the Utility Company to return such cash deposit within ten (10) business days if, and when, the Utility Company's service is terminated; and

///

///

---

[2] The Debtor has been locked out of its online AT&T account and cannot access other more recent statements to calculate a monthly average based on other months' bills.

1     (e)    Granting such other and further relief as the Court deems just and proper.

2   Dated: October 6, 2015        SUNQUEST EXECUTIVE AIR CHARTER, LLC

By:   */s/ John-Patrick M. Fritz*
      RON BENDER
      JOHN-PATRICK M. FRITZ
      LEVENE, NEALE, BENDER, YOO
        & BRILL L.L.P.
      Proposed Attorneys for Chapter 11 Debtor
      and Debtor in Possession

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A. General Background**

SunQuest Executive Air Charter, LLC (the "Debtor") filed its voluntary chapter 11 bankruptcy petition on September 16, 2015 (the "Petition Date"). The debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. § 1107 and 1108. No committee of unsecured creditors has been formed, and no trustee has been appointed.

The Debtor is a private jet charter flight company founded in 2011 and operating in Van Nuys, California. The Debtor's clients include, but are not limited to, wealthy private business persons, entertainers, actors, and musicians. The Los Angeles area has a high demand for private travel from individuals who desire private air transportation without the extra burden of owning and maintaining their own jets.

The Debtor does not own any aircraft, but, rather, leases four (4) private charter jets from different third parties pursuant to lease agreements and operates domestic and international flights for high-wealth individuals desiring private flight transportation. Each lease is essentially month-to-month, except for one lease, which is for a six-month term.

At its inception in 2011, the Debtor experienced a profitable year. However, thereafter, the Debtor was hindered in 2012 by an internal management dispute that eventually led to suspended operations in 2013 for a short period of time. The Debtor overcame these obstacles and experienced a pick-up in business and revenue in 2014, but was then substantially hindered by other challenges, including lawsuits by two employees for overtime pay and lunch hour violations, a burdensome and expensive hangar lease, and demands from one equity owner for distributions even during unprofitable periods.

The Debtor's most valuable asset may be its air carrier certificate, which is required to operate a business of this nature. It would take approximately five years to obtain such a certificate if a new company wanted to start from scratch, and the entire process usually costs

around $150,000. Therefore, there is value in the Debtor's business, maintaining the business and operations, and preserving the license.

The Debtor's business had been successful and is currently operating cash flow positive, but the company is in need of restructuring some of its debts and obligations to turn the corner. The Debtor believes that there is value in its business as a going concern. Through the chapter 11 process, the Debtor intends to market its company for sale and sell it to the best and highest bidder under section 363 of the Bankruptcy Code.

### B. Utilities

As a necessity of operating its business, the Debtor receives telephone and internet services from AT&T (the "Utility Company").[3] Given the importance of the services provided by the Utility Company to the Debtor's business, it is crucial that the means of providing adequate assurance be determined immediately so that there is no interruption in the services provided.

The Debtor intends to provide adequate "assurance of payment" by providing the Utility Company with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amount of $756.97, which is the amount of the most recent bill, a true and correct copy of which is attached as Exhibit "1" to the annexed declaration of Ryan Frost.[4] The source of funds to be used to pay the cash deposit to the Utility Company will be the Debtor's post-petition revenue and cash on hand, which may be the cash collateral of Baltimore Clipper, Inc., which has consented to the use of its cash collateral.

## II.

## DISCUSSION

Section 366 of the Bankruptcy Code, as amended by the BAPCPA and applicable herein, provides, in pertinent part, as follows:

---

[3] Water, gas, electricity, and waste disposal services are included in the Debtor's rent, and the Debtor does not have accounts with such utility providers.

[4] The Debtor has been locked out of its online AT&T account and cannot access other more recent statements to calculate a monthly average based on other months' bills.

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, . . . the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for services rendered before the order for relief was not paid when due.
>
> . . .
>
> (c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor . . . adequate assurance of payment for the utility service that is satisfactory to the utility.
>
> (3)(A) On request of a party in interest[5] and after notice and a hearing, the court may order the modification of the amount of an assurance of payment under paragraph (2).

11 U.S.C. § 366.

Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. See Massachusetts Elec. Co. v. Keydata Corp. (In re Keydata Corp.), 12 B.R. 156, 158 (1st Cir.B.A.P.1981). Prior to the enactment of BAPCPA, where a debtor has, with few exceptions, timely paid its utility bills prior to the commencement of its chapter 11 case, the administrative expense priority provided in sections 503(b) and 507(a)(1) of the Bankruptcy Code often constituted adequate assurance of payment, and no deposit or other security was required. See Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646, 651 (2d Cir.1997); see also Demp v. Philadelphia Elec. Co. (In re Demp), 22 B.R. 331, 332 (Bankr. E.D. Pa.1982).

Now, pursuant to the BAPCPA, the administrative expense priority provided by Sections 503(b) and 507(a)(1) of the Bankruptcy Code specifically is not a means of providing "assurance of payment" under Section 366(c)(2) of the Bankruptcy Code. 11 U.S.C. § 366(c)(1)(B). Instead, a Chapter 11 debtor must provide "assurance of payment" pursuant to Section 366(c)(1)(A) of the Bankruptcy Code, which states that "assurance of payment" means: a cash

---

[5] The Debtor is a party in interest. 11 U.S.C. § 1109(b).

7

1 deposit, a letter of credit, a certificate of deposit, a surety bond, a prepayment of utility
2 consumption, or another form of security that is mutually agreed on between the utility and the
3 debtor. 11 U.S.C. § 366(c)(1)(A).

4 Based on the foregoing, during the first 30 days following the commencement of a
5 voluntary chapter 11 bankruptcy case, a utility may not alter, refuse, or discontinue service to, or
6 discriminate against, a debtor solely on the basis of the commencement of the case or the failure
7 of the debtor to pay a pre-petition debt for utility services provided. Following the foregoing 30-
8 day period, however, utility companies may alter, refuse or discontinue service if the debtor does
9 not furnish adequate "assurance of payment" of post-petition utility service obligations that is
10 satisfactory to the relevant utility.

11 Under Section 366(c) of the Bankruptcy Code, this Court has exclusive responsibility for
12 determining what constitutes adequate assurance of payment of post-petition utility charges and
13 is not bound by local or state regulations. See e.g., Begley v. Philadelphia Elec. Co. (In re
14 Begley), 41 B.R. 402, 405-06 (Bankr.E.D.Pa.1984), aff'd, 760 F.2d 46 (3d Cir.1985) (pre-
15 BAPCPA); Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.), 35 B.R. 188, 195
16 (Bankr. D. Ohio 1983) (pre-BAPCPA case finding that determinations of adequate assurance
17 under section 366 are fully within the Court's discretion).

18 In this case, the Debtor intends to provide adequate "assurance of payment" by providing
19 the Utility Company with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the
20 Bankruptcy Code, in the amount of $756.97. The proposed deposit amount is based on an
21 average of the last three (3) most recent monthly statements reflecting expenses the Debtor
22 incurred for the Utility Company.

23 The source of funds to be used to pay the cash deposit to the Utility Company will be the
24 Debtor's post-petition revenue and cash on hand, which is the cash collateral of Baltimore
25 Clipper, Inc., which has consented to the use of the funds.
26 ///
27 ///
28 ///

## III.

## CONCLUSION

Based on the foregoing, the Debtor submits that approval by this Court of the Motion is in the best interests of the Debtor's estate and respectfully requests that the Court enter an order:

(a) Affirming the adequacy of the notice given;

(b) Authorizing the Debtor to provide adequate "assurance of payment" to the Utility Company via a cash deposit of $756.97;

(c) Deeming the cash deposit paid by the Debtor to the Utility Company as constituting adequate "assurance of payment" pursuant to section 366(c) of the Bankruptcy Code;

(d) Ordering the Utility Company to return such cash deposit within ten (10) business days if, and when, the Utility Company's service is terminated; and

(e) Granting such other and further relief as the Court deems just and proper.

Dated: October 6, 2015                    SUNQUEST EXECUTIVE AIR CHARTER, LLC

By: /s/ *John-Patrick M. Fritz*
RON BENDER
JOHN-PATRICK M. FRITZ
LEVENE, NEALE, BENDER, YOO
  & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

# DECLARATION OF RYAN FROST

I, Ryan Frost, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I am the director of operations of SunQuest Executive Air Charter, LLC (the "Debtor"). I have reviewed and am familiar with and am knowledgeable about the books and records of the Debtor, which books and records are made in the regular practice of business, kept in the regular course of business, made by a person with knowledge of the events and information related thereto, and made at or near the time of events and information recorded. This declaration is based on my personal knowledge and information and the books and records of the Debtor.

3. I make this declaration in support of the Motion to which it is attached.

4. I am now and have been director of operations for the Debtor since January 2014. I have over 16 years of experience in the air carrier business and over 14 years of experience in business operations of air carriers.

5. As director of operations, my responsibilities include supervision of the flight reservations and pilots, compliance with Federal Aviation Administration ("FAA") regulations, and liaising between the company and the FAA. I am a licensed pilot, as mandated by FAA regulations for the position of director of operations.

6. The Debtor filed its voluntary chapter 11 bankruptcy petition on September 16, 2015 (the "Petition Date"). The debtor continues to operate its business and manage its affairs as a debtor in possession.

7. The Debtor is a private jet charter flight company founded in 2011 and operating in Van Nuys, California. The Debtor's clients include, but are not limited to, wealthy private business persons, entertainers, actors, and musicians. The Los Angeles area has a high demand for private travel from individuals who desire private air transportation without the extra burden of owning and maintaining their own jets.

8. The Debtor does not own any aircraft, but, rather, leases four (4) private charter jets from different third parties pursuant to lease agreements and operates domestic and international flights for high-wealth individuals desiring private flight transportation. Each lease is essentially month-to-month, except for one lease, which is for a six-month term.

9. At its inception in 2011, the Debtor experienced a profitable year. However, thereafter, the Debtor was hindered in 2012 by an internal management dispute that eventually led to suspended operations in 2013 for a short period of time. The Debtor overcame these obstacles and experienced a pick-up in business and revenue in 2014, but was then substantially hindered by other challenges, including lawsuits by two employees for overtime pay and lunch hour violations, a burdensome and expensive hangar lease, and demands from one equity owner for distributions even during unprofitable periods.

10. The Debtor's most valuable asset may be its air carrier certificate, which is required to operate a business of this nature. It would take approximately five years to obtain such a certificate if a new company wanted to start from scratch, and the entire process usually costs around $150,000. Therefore, there is value in the Debtor's business, maintaining the business and operations, and preserving the license.

11. The Debtor's business had been successful and is currently operating cash flow positive, but the company is in need of restructuring some of its debts and obligations to turn the corner. The Debtor believes that there is value in its business as a going concern. Through the chapter 11 process, the Debtor intends to market its company for sale and sell it to the best and highest bidder through the chapter 11 bankruptcy process.

12. As a necessity of operating its business, the Debtor receives telephone and internet services from AT&T (the "Utility Company").[6] Given the importance of the services provided by the Utility Company to the Debtor's business, it is crucial that the means of providing adequate assurance be determined immediately so that there is no interruption in the services provided.

---

[6] Water, gas, electricity, and waste disposal services are included in the Debtor's rent, and the Debtor does not have accounts with such utility providers.

11

13. The Debtor intends to provide adequate "assurance of payment" by providing the Utility Company with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amount of $756.97, which is the amount of the most recent bill, a true and correct copies of which is attached as Exhibit "1" to this declaration.[7] The source of funds to be used to pay the cash deposit to the Utility Company will be the Debtor's post-petition revenue and cash on hand, which may be the cash collateral of Baltimore Clipper, Inc., which has consented to the use of the funds.

14. Based on the foregoing, I respectfully request that the Court grant the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of October, Van Nuys, California.

RYAN FROST
Declarant

---

[7] The Debtor has been locked out of its online AT&T account and cannot access other more recent statements to calculate a monthly average based on other months' bills.

**Exhibit 1**

att.com



SUNQUEST EXECUTIVE
AIR CHARTER LLC
7415 HAYVENHURST PL
VAN NUYS CA 91406 - 2822

Page 1 of 5
Account Number 818 778-6520 399 9
Billing Date Sep 11, 2015

Web Site **att.com**

# Monthly Statement



*No text is worth a life.*
Take the pledge at itcanwait.com

## Bill-At-A-Glance

| | |
|---|---|
| Previous Bill | 784.14 |
| Payment Received 9-02  Thank you! | 784.14CR |
| Adjustments | .00 |
| Balance | .00 |
| Current Charges | 756.97 |
| **Amount to be Debited** | **$756.97** |
| Debiting Bank Account on | Oct 5, 2015 |

## Billing Summary

| | Page | |
|---|---|---|
| Online: att.com/myatt | | |
| Plans and Services | 1 | 601.40 |
| 1 800 750-2355 | | |
| AT&T Internet Services | 2 | 75.00 |
| 1 877 722-3755 | | |
| AT&T Long Distance | 2 | 80.57 |
| 1 800 321-2000 | | |
| **Total Current Charges** | | **756.97** |

## Plans and Services

**Monthly Service - Sep 11 thru Oct 10**
1  Monthly Charges                                               478.27

**Local Usage**

**Local Calls (Zones 1 and 2)**
If you subscribe to a voicemail service and/or the Call Forwarding feature, local usage charges apply when retrieving mailbox messages and/or each time the Call Forwarding feature is activated.

| Item No. | Description | Calls | Minutes | |
|---|---|---|---|---|
| Charges for 818 778-6520 | | | | |
| 2 | All Periods | 415 | 743MK | .00 |
| Charges for 818 778-6521 | | | | |
| 3 | All Periods | 12 | 22MK | .00 |
| Charges for 818 778-6522 | | | | |
| 4 | All Periods | 5 | 7MK | .00 |
| Total Local Calls (Zones 1 and 2) | | | | .00 |

**Zone 3 Calls**

| Item No. | Date | Time | Place Called | Number | Code | Min | |
|---|---|---|---|---|---|---|---|
| Charges for 818 778-6520 | | | | | | | |
| 5 | 8-12 | 314P | LSAN DA 01CA | 818 613-8620 | D | 2MK | .00 |
| 6 | 8-19 | 945A | LOSANGELESCA | 213 534-3212 | D | 2MK | .00 |
| 7 | 8-19 | 240P | MALIBU CA | 310 589-5225 | D | 11MK | .00 |
| 8 | 8-19 | 451P | LSAN DA 01CA | 818 613-8620 | D | 2MK | .00 |
| 9 | 8-20 | 220P | MALIBU CA | 310 589-5225 | D | 4MK | .00 |
| 10 | 8-21 | 150P | INGLEWOOD CA | 310 410-9782 | D | 1MK | .00 |
| 11 | 8-21 | 502P | MALIBU CA | 310 589-5225 | E | 1MK | .00 |
| 12 | 8-25 | 354P | MALIBU CA | 310 589-5225 | D | 2MK | .00 |
| 13 | 8-31 | 317P | LSAN DA 01CA | 818 613-8620 | D | 1MK | .00 |
| 14 | 9-03 | 1042A | MALIBU CA | 310 589-5225 | D | 1MK | .00 |
| 15 | 9-03 | 344P | MALIBU CA | 310 589-5225 | D | 1MK | .00 |
| 16 | 9-04 | 1122A | LSAN DA 01CA | 818 613-8620 | D | 1MK | .00 |
| 17 | 9-09 | 131P | MALIBU CA | 310 457-6895 | D | 1MK | .00 |
| 18 | 9-09 | 135P | MALIBU CA | 310 589-5225 | D | 1MK | .00 |
| 19 | 9-09 | 359P | MALIBU CA | 310 589-5225 | D | 2MK | .00 |
| 20 | 9-10 | 124P | MALIBU CA | 310 589-5225 | D | 14MK | .00 |
| Total Charges for 818 778-6520 | | | | | | | .00 |
| Charges for 818 778-6521 | | | | | | | |
| 21 | 8-21 | 435P | MALIBU CA | 310 589-5225 | D | 1MK | .00 |
| Charges for 818 778-6522 | | | | | | | |
| 22 | 8-21 | 438P | MALIBU CA | 310 589-5225 | D | 1MK | .00 |

## News You Can Use Summary

- PREVENT DISCONNECT
- THIRD-PARTY BLOCKING
- CARRIER INFORMATION
- CHANGE TO BSA

See "News You Can Use" for additional information

Local Services provided by AT&T California or AT&T Nevada based upon the service address location.

GO GREEN - Enroll in paperless billing.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RYAN FROST IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 6, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On October 6, 2015 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 6, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Attorney Service
The Honorable Victoria Kaufman
U.S. Bankruptcy Court
21041 Burbank Blvd., #312
Woodland Hills, CA 91367

☒ Service information continued on attached page (Service via overnight mail)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 6, 2015 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              **F 9013-3.1.PROOF.SERVICE**

**1:15-bk-13090-VK Notice will be electronically mailed to:**

Ron Bender on behalf of Debtor SunQuest Executive Air Charter LLC
rb@lnbyb.com

Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov

John-Patrick M Fritz on behalf of Debtor SunQuest Executive Air Charter LLC
jpf@lnbyb.com, JPF.LNBYB@ecf.inoruptcy.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Sunquest Executive Air Charter, LLC
Top 20/Secured/MML

Debtor
Sunquest Executive Air Charter LLC
7415 Hayvenhurst Place
Van Nuys, CA 91406-2822

Aerolease
3333 E. Spring St.
Long Beach, CA 90806

Max Rubenstein
MaxQuest, Inc.
39 Appaloosa Ln.
Bell Canyon, CA 91307

Aerlex Law Group
2800 28th St. Ste 200
Santa Monica, CA 90405

Castle & Cooke Aviation
7415 Hayvenhurst Pl.
Van Nuys, CA 91406

Luis Moreno
Moreno Aviation
5501 West 119th St.
Inglewood, CA 90304

Mexican Dir Gral Civil Aeronautics
Ave. Xola esq con Eje Central S/N
Col. Narvarte, Del. Benito Juarez
Distrito Federal, CP 03020

ICCS Mexico
Ave Sante-Fe 505 – 20th Floor
Col. Cruz Manca, Santa-Fe
C.P. 05349 Mexico City

AMS Structures
1119 Columbia St.
Redlands, CA 92374

Prudential Overall Supply
5300 Gabbert Rd.
Moorpark, CA 93021

Deepun Desai
Affordable Avionics, Inc.
7000 Merrill Ave. #18
Chino, CA 91710

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

Equity Security Holder
Baltimore Clipper
27407 Pacific Coast Highway
Malibu, CA 90265 -
Phone: (310) 589-5225

Equity Security Holder
Mark Smith
1183 Lansbur Cir.
Westlake Village, CA 91361

Equity Security Holder
Jambro Inc.
7415 Hayvenhurst Pl.
Van Nuys, CA 91406

Utility
AT&T
Bankruptcy Department
P.O. Box 769
Arlington, TX 76004

Giovanni Orantes (RSN)
The Orantes Law Firm, A Professional Cor
3435 wilshire blvd #2920
Los Angeles
Los Angeles, Ca 90010